# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

LEE EDWARD STOKES                                                                                   PETITIONER

v.                               NO. 5:06CV00305 WRW/HDY

LARRY NORRIS, Director of the                                        RESPONDENT
Arkansas Department of Correction

## FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following findings and recommendation have been sent to United States District Judge William R. Wilson, Jr.  Any party may serve and file written objections to these findings and recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the Office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendation.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, Arkansas 72201-3325

DISPOSITION

STATE COURT PROCEEDINGS. The record reflects that a Pulaski County, Arkansas, Circuit Court jury convicted petitioner Lee Edward Stokes ("Stokes") of "one count of capital murder and two counts of first-degree battery." See Stokes v. State, 359 Ark. 94, 194 S.W.3d 762, 763 (2004). He was thereafter sentenced to the custody of respondent Larry Norris ("Norris") for "life in prison without parole for the murder and ten years' imprisonment for each of the battery convictions, to run concurrent with the life sentence." See Id.

Stokes appealed his convictions to the Arkansas Supreme Court. He maintained on appeal that "the trial court erred in denying his Batson challenge to the prosecution's peremptory strike exercised against African-American veniremen." See Id. The state Supreme Court found no reversible error and affirmed his convictions, the mandate for which was issued on October 28, 2004.

On December 30, 2004, Stokes filed a trial court petition for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1. The trial judge denied Stokes' petition on March 10, 2005. Stokes appealed the denial of his petition to the state Supreme Court. On October 6, 2005, his appeal was dismissed because the state Supreme Court determined that he had failed to file his petition with the Pulaski County, Arkansas, Circuit Court Clerk in a timely fashion. The state Supreme Court specifically found as follows:

> Under Ark. R.Crim. P.37.2(c) a petition for postconviction relief sought under Ark. R.Crim. P. 37.1 must be filed within sixty (60) days after the mandate is issued. In this case, [Stokes] filed his petition sixty-three (63) days after the mandate was issued. Therefore, [his] pro se petition for postconviction relief was untimely. The time limitations imposed in Ark. R.Crim. P.37.2(c) are jurisdictional in nature, and the trial court [may] not grant relief on a petition for postconviction relief which is not properly filed. [Citation omitted]. Accordingly, we dismiss the appeal …

See Stokes v. State, 2005 WL 2462253 at 1 (Ark.S.Ct. October 6, 2005). Stokes thereafter filed a request for reconsideration with the state Supreme Court. In the request, he asked the state Supreme Court to reconsider its decision to dismiss the appeal of his Rule 37 petition. On January 19, 2006, the state Supreme Court denied his request because the initial decision had been proper. The state Supreme Court specifically found as follows:

> [Stokes'] appeal was dismissed because the petition was not timely filed. [He] asserts that his petition was timely filed because it was placed in the mail within the required period for filing. We have declined to adopt the prison mail-box rule that is accepted in some courts, and which provides that a pro se inmate files his or her petition at the time the petition is placed in the hands of prison officials for mailing. [Citation omitted]. An item tendered to a court is considered tendered on the date it is received by the clerk, not on the date it may have been placed in the mail. [Stokes'] petition was therefore untimely, and we accordingly decline to reconsider our decision.

See Stokes v. State, 2006 WL 137227 at 1 (Ark.S.Ct. January 19, 2006).

FEDERAL COURT PROCEEDINGS. On November 13, 2006, Stokes signed the pending petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. The Clerk of the Court for the United States District Court for the Eastern District of Arkansas filed the petition on November 28, 2006. In the petition, Stokes appeared to advance the following four claims: (1) his trial attorney provided constitutionally inadequate representation; (2) the prosecutor exercised peremptory challenges in violation of Batson v. Kentucky, 476 U.S. 79 (1986); (3) Stokes failed to receive due process; and (4) the prosecutor engaged in misconduct.

Norris responded to Stokes' petition by filing the pending motion to dismiss. See Document 5. Norris maintained in the motion that "[a]ll of these [claims] ... are time-barred pursuant to 28 U.S.C. 2244(d)(1) because Stokes did not file his federal habeas petition within one year of the date his convictions became final. Moreover, he is not entitled to statutory tolling under 28 U.S.C. 2244(d)(2) because his application for state post-conviction relief was not 'properly filed' under Arkansas law." See Document 5 at 1-2.

The undersigned then conducted a brief review of the record in this proceeding. Based on that review, the undersigned determined that Stokes should be notified of the assertions advanced by Norris in the motion to dismiss. The undersigned so notified Stokes and invited him to submit a response to the motion.

Stokes accepted the invitation by filing two separate responses. Liberally construing the pro se submissions, Stokes appeared to advance alternative assertions. First, he maintained that his state court convictions did not become final until January 19, 2006, the day his request for reconsideration was denied by the state Supreme Court, and he therefore had one year from that date to commence this proceeding. Second, he maintained that the state Supreme Court should have applied the three day "prison mailbox rule" to his Rule 37 petition, thereby causing it to have been timely. He joined his responses with the pending motion for appointment of counsel.

The undersigned has now had an opportunity to fully review the record in this proceeding, particularly the responses submitted by Stokes. On the basis of that review, the undersigned makes the following findings and recommendation.

LIMITATIONS. Norris is seeking the dismissal of the petition at bar because it is allegedly time-barred. 28 U.S.C. 2244(d) establishes a one year period during which a state prisoner must commence a proceeding pursuant to 28 U.S.C. 2254. If the state prisoner fails to begin the proceeding within that year, it is forever barred. 28 U.S.C. 2244(d) identifies the following events as triggering the one year period:

> (d)(1) A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Applying the provisions of 28 U.S.C. 2244(d) to the summary of state and federal court proceedings outlined above, it is clear that the applicable limitations period in this proceeding began on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." See 28 U.S.C. 2244(d)(1)(A). No other sub-paragraph of 28 U.S.C. 2244(d)(1) is applicable in this proceeding. Given that finding, the undersigned turns to determine when Stokes' convictions became final.

The state Supreme Court affirmed Stokes' conviction and issued a mandate on October 28, 2004. He could have then petitioned the United States Supreme Court for a writ of certiorari, and the time during which he could have so petitioned commenced on October 29, 2004, the day after the mandate was issued by the state Supreme Court.

United States Supreme Court Rule 13 provides that a petition for writ of certiorari is timely if filed within ninety days after the entry of the judgment in question. Using October 29, 2004, as the benchmark, Stokes had up to, and including, January 26, 2005, to file a timely petition for writ of certiorari. When he did not file a petition within the prescribed period, his convictions became final. See Nichols v. Bowersox, 172 F.3d 1068 (8th Cir. 1999) (state court judgment becomes final under 2244(d)(1)(A) upon the expiration of the time for filing a petition for writ of certiorari). Thus, Stokes' convictions became final on January 27, 2005, and he had one year from that date to commence a proceeding pursuant to 28 U.S.C. 2254.

Stokes maintains that his convictions did not became final until the day his request for reconsideration was denied by the state Supreme Court. He has failed, however, to offer any support for such a proposition, and the undersigned knows of none. The request for reconsideration did not arise in the context of a direct review of his convictions but instead arose in the context of a collateral attack on the convictions. As the undersigned will more fully develop below, the time during the pendency of his Rule 37 petition did not toll the one year limitations period.

28 U.S.C. 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." For purposes of the findings and recommendation, the undersigned assumes that Stokes' Rule 37 petition was pending from December 30, 2004-the day it was filed with the Pulaski County, Arkansas, Circuit Court Clerk-through January 19, 2006-the day the request for reconsideration was denied by the state Supreme Court. The insurmountable hurdle for Stokes, though, is that his Rule 37 petition was not a "properly filed application for [s]tate post-conviction or other collateral review."

As the undersigned has noted, Stokes did not file his Rule 37 petition until December 30, 2004. In dismissing an appeal from the denial of the petition, the state Supreme Court found that he had filed the petition sixty-three days after the mandate had been issued. Because Rule 37.2(c) required the petition to have been filed within sixty days of the mandate being issued, the state Supreme Court found that the petition was not timely. The state Supreme Court re-affirmed that finding in denying his request for reconsideration. It therefore cannot be said that his petition was a "properly filed application for [s]tate post-conviction or other collateral review." Because the petition was not "properly filed," it did not toll the one year limitations period that commenced on January 27, 2005.

Stokes maintains that the state Supreme Court should have applied the three day "prison mailbox rule" to his Rule 37 petition, thereby causing it to have been timely. Although the federal courts recognize such a rule, the State of Arkansas clearly does not. Because the refusal to recognize the rule appears to be firmly established, regularly followed, and readily ascertainable, the undersigned will not disturb the findings and conclusions made by the state Supreme Court.

Given the foregoing, the undersigned finds that Stokes' convictions became final on January 27, 2005. He therefore had one year from that date, or up to, and including, January 26, 2006, to commence a proceeding pursuant to 28 U.S.C. 2254. The record reflects that he signed the petition at bar on November 13, 2006, and that it was not filed until November 28, 2006. He clearly did not commence this proceeding within the prescribed one year period, and his petition should be dismissed unless he can show some justification for tolling the limitations period. See Calderon v. United States District Court for the Central District of California, 112 F.3d 386 (9th Cir. 1997) (limitations period subject to equitable tolling if extraordinary circumstances exist).

The undersigned has carefully reviewed Stokes' submissions; in doing so, the undersigned has given the submissions a liberal construction. The undersigned can find nothing in those submissions to justify tolling the limitations period. He knew, or should have known through the exercise of due diligence, of all the claims at bar by the day his convictions became final.

In addition to the foregoing, the undersigned makes note of one additional matter. Because Stokes missed a filing deadline by three days, he was barred by the state Supreme Court from prosecuting a collateral attack on his convictions. He learned of the bar, though, approximately three months before the expiration of the one year limitations period application to a petition pursuant to 28 U.S.C. 2254. Thus, had he commenced the proceeding at bar within approximately three months of learning of the bar, his petition would have been timely. Sadly, he did not file a petition pursuant to 28 U.S.C. 2254 but instead chose to file a request for reconsideration with the state Supreme Court.

CONCLUSION. The undersigned finds that Stokes commenced this proceeding outside the one year limitations period established by 28 U.S.C. 2244(d). The undersigned therefore recommends that Stokes' petition be denied and dismissed for that reason. His motion for appointment of counsel should also be denied.

DATED this __14___ day of February, 2007.

*H. Daniel Young*

_____
UNITED STATES MAGISTRATE JUDGE